IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bronson Shelley,<br><br>          Plaintiff,<br><br>vs.<br><br>Bray P. Stirling, Michael McCall, Warden Ms. Thompson, Major Mr. Jackson, Captain Ms. Holsinger, Lt. Mr. Bell, LT. Travis Reese, LT. Ms. Housten, Lt. Mr. Marone, Lt. Ms. Flemming, Sgt. Shelba Right, Sgt. Ms. Tribble, Mr. Goodson, Ms. Gibson, SMU Officer Bouyan, individually and in their official capacities,<br><br>          Defendants. | C/A No. 4:18-cv-2259-JFA-TER<br><br><br>**ORDER** |

## I. INTRODUCTION

Bronson Shelley, ("Plaintiff"), brings this action raising claims pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by using excessive force and being deliberately indifferent to his serious medical needs. On February 11, 2019, Defendants[1] filed a Motion for Summary Judgment. (ECF No. 60). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the Defendants' Motion. (ECF No. 61). On March 25, 2019, Plaintiff responded. (ECF No. 67). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

---

[1] "Defendants" includes all Defendants (unless otherwise explained) except Sgt. Ms. Tribble or Lt. Mr. Marone. This Court entered a separate Order adopting the Magistrate's first Report and Recommendation (ECF No. 45) and dismissing Plaintiff's claims as against only Defendants Tribble and Marone without prejudice pursuant to FRCP Rule 41(b).

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that Defendants' Motion for Summary Judgment be granted in part and denied in part. (ECF No. 71). The Magistrate opines that summary judgment be granted as to all claims against Defendants Stirling, McCall, Riley, Thompson, Jackson, and Holsinger, and as to the excessive force claim against Defendants Sgt. Wright, Lt. Flemming, Lt. Housten, Mr. Goodson, and Ms. Gibson. *Id.* Further, the Magistrate opines that summary judgment should be denied as to the excessive force claim against Defendants Reese, Lt. Bell, and Officer Bouyan, and as to the medical indifference claim against Defendants Reese, Lt. Bell, Officer Bouyan, Sgt. Wright, Lt. Flemming, Lt. Housten, Mr. Goodson, and Ms. Gibson. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Defendants filed objections to the Report on May 17, 2019. (ECF No. 77). Plaintiff filed a response to the objections on June 3, 2019. (ECF No. 78). On June 4, 2019, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 81). Thus, this matter is ripe for review.

II.     **LEGAL STANDARD**

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). In deciding a motion for summary judgment, the facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48.

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992).

The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

The Report recites the factual and procedural background giving rise to this action in detail, which is incorporated by reference. Briefly, Plaintiff alleges that under §1983, Defendants violated his rights guaranteed under the Eighth Amendment to be free from cruel and unusual punishment by using excessive force and failing to timely provide him with medical treatment. Plaintiff alleges that certain Defendants denied him medical treatment for over twenty-four hours following an injury to his shoulder. It is undisputed that Plaintiff suffered a dislocated shoulder injury at some point on August 11, 2016. Defendants argue that no force was used at all and suggest that Plaintiff caused the injury himself.

   **a. Plaintiff cannot prevail on a theory of supervisory liability, so summary judgment is granted as to Plaintiff's claims against Defendants Stirling, McCall, Riley, Thompson, Jackson, and Holsinger.**

Plaintiff claims that Defendants Stirling, McCall, Riley, Thompson, Jackson, and Holsinger are "legally responsible" for the excessive force and deliberate indifference of other Defendants. Plaintiff contends that said Defendants are liable in some form of supervisory capacity and does not allege that these Defendants were actually involved in the use of excessive force or denial of medical treatment.

As the Magistrate correctly opines, Plaintiff has not presented sufficient evidence to create an issue of fact with respect to the liability of these officers. Plaintiff cannot meet the three

elements to prevail under §1983 on a theory of supervisory liability. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Plaintiff does not object to this recommendation, and in the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, summary judgment is granted as to Plaintiff's claims against Defendants Stirling, McCall, Riley, Thompson, Jackson, and Holsinger.

   b. **Defendants' Motion for Summary Judgment as to the excessive force claim is denied as against Defendants Lt. Reese, Lt. Bell, and Officer Bouyan.**

The Magistrate Judge correctly opines that summary judgment should be denied as to Plaintiff's claim of excessive force against Defendants Lt. Reese, Lt. Bell, and Officer Bouyan. As the Magistrate Judge found, while Defendants do suggest that Plaintiff caused the dislocated shoulder injury himself, it is inappropriate for the Court to make a creditability determination based on the conflicting evidence in the record at the summary judgment phase. This creditability determination is left for a jury.

Defendants have not made any specific objections to this section of the Report. Defendants "objections" merely rehash the arguments asserted in their Motion for Summary Judgment. (ECF No. 60). A specific objection to the Magistrate's Report requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199.

Thus, summary judgment is denied as to Plaintiff's claim of excessive force against Defendants Lt. Reese, Lt. Bell, and Officer Bouyan. Further, as the Magistrate Judge correctly opines, Plaintiff does not allege that any of the remaining Defendants, Sgt. Wright, Lt. Flemming, Lt. Housten, Mr. Goodson, or Ms. Gibson, used any force against him. Plaintiff does not object to this recommendation. Thus, to the extent Plaintiff asserts an excessive force claim against those Defendants, summary judgment is granted.

### c. Defendants' Motion for Summary Judgment as to the deliberate indifference to serious medical needs claim is denied as against Defendants Lt. Reese, Lt. Bell, Officer Bouyan, Sgt. Wright, Lt. Flemming, Lt. Housten, Mr. Goodson, and Ms. Gibson.

Next, the Magistrate Judge correctly opines that summary judgment should be denied as to Plaintiff's medical indifference claim against Defendants Reese, Lt. Bell, Officer Bouyan, Sgt. Wright, Lt. Flemming, Lt. Housten, Mr. Goodson, and Ms. Gibson.

Here, most of Defendants' "objections" again rehash the arguments asserted in their Motion for Summary Judgment regarding Plaintiff's claim for deliberate indifference to serious medical needs. (ECF No. 60). A specific objection to the Magistrate's Report requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017).

However, Defendants assert one specific objection:

> Based upon Defendants' documented evidence and Plaintiff's unsupported allegations, the Federal Magistrate decided that "viewing the facts in the light most favorable to Plaintiff, he informed 6 different Defendants that he needed medical attention, but they each ignored his requests and he did not receive any medication for pain until sometime after 8:07 pm the evening of August 11, 2016." However, in the Conclusion section, the Federal Magistrate finds that 8 different Defendants ignored Plaintiff's requests for medical attention.

(ECF No. 77 p. 4).

It appears that Defendants are asserting the Magistrate Judge made a mistake in the Report by stating that Plaintiff informed six different Defendants that he needed medical attention but then concluding that summary judgment as to Plaintiff's claim for deliberate indifference to serious medical needs be denied as to eight named Defendants instead of the six. However, Defendants' objection is unfounded.

Defendants are correct that the Magistrate Judge states: "However, viewing the facts in the light most favorable to Plaintiff, he informed six different Defendants that he needed medical attention, but they each ignored his requests and he did not receive any medication for pain until sometime after 8:07 p.m. the evening of August 11, 2016."

However, Defendants fail to read the Magistrate Judge's statement in conjunction with the following statements in the Report:

> It is not clear from the record when Plaintiff's shoulder injury occurred. [Plaintiff] asserts that he told Lt. Reese, Lt. Bell, and Officer Bouyan that his arm was broken and asked Sgt. Wright, Lt. Flemming, Lt. Reese, Lt. Housten, Mr. Goodson, and Ms. Gibson for medical treatment but they ignored his requests.

(ECF No. 71 ps. 14–15).

> Thus, a question of fact exists as to whether Defendants Lt. Reese, Lt. Bell, Officer Bouyan, Sgt. Wright, Lt. Flemming, Lt. Housten, Mr. Goodson, and Ms. Gibson intentionally and unnecessarily prolonged Plaintiff's pain by ignoring his requests for medical attention.

(ECF No. 71 p. 15).

The Magistrate Judge explains that Plaintiff claims he told three of the Defendants (Lt. Reese, Lt. Bell, and Officer Bouyan) that his arm was broken and that Plaintiff claims he **asked** six of the Defendants (Sgt. Wright, Lt. Flemming, Lt. Reese, Lt. Housten, Mr. Goodson, and Ms. Gibson) for medical treatment but they ignored his requests.

The portion of the Report that Defendant cites where the Magistrate Judge states that Plaintiff informed six different Defendants that he needed medical attention is misleading because Defendant fails to also cite the statement where the Magistrate Judge also explains Plaintiff also told three Defendants his arm was broken.

Thus, the Magistrate Judge did not err in its conclusion. Accordingly, summary judgment is denied as to the medical indifference claim against eight[3] Defendants (Defendants Reese, Lt. Bell, Officer Bouyan, Sgt. Wright, Lt. Flemming, Lt. Housten, Mr. Goodson, and Ms. Gibson).

### d. The Court will not consider Defendants' untimely affidavits and new arguments.

In their Objections, Defendants include a section entitled "Additional Support for Defendants' Motion for Summary Judgment." (ECF No. 77 p. 5). Defendants state: "Defendants submit the following additional evidence to refute Plaintiff's allegations"[4] and go on to list over seven pages of "additional evidence." (ECF No. 77 ps. 5–12). In that section, Defendants set forth new evidence based on five new affidavits of named Defendants that are attached to the Objections.[5]

This Court notes that Defendants did not make any request for an extension of time in which to file any additional affidavits in support of their initial motion for summary judgment,[6]

---

[3] This Court notes that Plaintiff claims he told Defendant Lt. Reese that his arm was broken *and* also asked Defendant Lt. Reese for treatment but Lt. Reese ignored his request. Thus, the Magistrate Judge correctly opines that summary judgment should be denied as against eight and not nine Defendants.

[4] This Court notes that Defendants are referring to "Plaintiff's allegations" in his Complaint (ECF No. 1), which was filed on August 15, 2018.

[5] Defendants attached the following five new affidavits to their Objections: (1) Affidavit of Defendant Lt. Angel Houston (Exhibit A); (2) Affidavit of Defendant Charlotte M. Gibson; (3) Affidavit of Defendant Charles T. Goodson, Jr. (Exhibit C); (4) Second Affidavit of Defendant Sgt. Shelba Wright (Exhibit D); and (5) Affidavit of Defendant Lt. Nannette Fleming (Exhibit E).

[6] This Court notes that on April 22, 2019, Defendants moved this Court to extend the time to file Objections to the Report, which this Court granted, from May 3, 2019 to May 17, 2019 "for the following reason: The undersigned counsel for Defendants requires additional time, because of

nor did the Objections explain why these new affidavits were being submitted almost three months after the Defendant's Motion for Summary Judgment was filed.[7]

The Magistrate Judge issued its Report on April 19, 2019, recommending that Defendant's Motion for Summary Judgment be denied as to as to the excessive force claim against Defendants Reese, Lt. Bell, and Officer Bouyan, and as to the medical indifference claim against Defendants Reese, Lt. Bell, Officer Bouyan, Sgt. Wright, Lt. Flemming, Lt. Housten, Mr. Goodson, and Ms. Gibson. (ECF No. 71).

In the Report, the Magistrate Judge specifically notes the absence of affidavits of named Defendants. *See* (ECF No. 71 p. 12) ("The only Defendant who has provided an affidavit in this case is Sgt. Wright . . . ."); *see also* (ECF No. 71 p. 15) ("Again, none of these Defendants, other than Sgt. Wright, have provided affidavits in this case to dispute Plaintiff's testimony . . . .").

Only after the Magistrate Judge issued this unfavorable recommendation to Defendants, did they attach five new affidavits to their objections without noting or explaining their untimeliness. *See White v. Greenberg*, No. 8:03-0382-27, 2004 WL 3753121, at *2 (D.S.C. Oct. 22, 2004) ("It appears to the Court that the plaintiff is attempting to take a second bite at the summary judgment apple.").

The Magistrate Judge reached its recommendation on April 19, 2019 on the existing record at the time based on Defendant's own Motion for Summary Judgment. Thus, the Court finds these new affidavits and evidence untimely and will not consider them. *See Orsi v. Kirkwood*, 999 F.2d

---

previously scheduled obligations and deadlines in other cases that will prevent him from meeting the current deadline." (ECF No. 73). This request did not mention the submission of new affidavits in support of the three-month old pending motion for summary judgment. Interestingly, all of the new affidavits attached to the Objections are either dated "May 8, 2019," "May 14, 2019," or "May 15, 2019" by the notary, which are all after the initial deadline for filing objections.

[7] Defendants filed their Motion for Summary Judgment on February 12, 2019 (ECF No. 60), and the untimely affidavits were filed almost three months later on May 17, 2019 (ECF No. 77).

86, 91 (4th Cir. 1993) (noting that a district court has discretion to consider a late affidavit but stating that "[t]hese exceptions, however, should generally be used only if cause or excusable neglect has been shown by the party failing to comply with the time provisions."). *See also Hill v. Cartledge*, No. 2:14-CV-03775-BHH, 2015 WL 5231676, at *2 (D.S.C. Sept. 8, 2015) ("The affidavit submitted in support of the objection is untimely and will not be considered by the Court.")

e. **Plaintiff's Motion to Appoint Counsel is denied.**

On June 4, 2019, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 81). Defendants opposed this motion by arguing it was premature to rule on it until this Court made a final decision regarding Defendants' Motion for Summary Judgment. (ECF No. 82). There is no right to counsel in civil proceedings and the issues presented in this case are not particularly complex. The Motion to Appoint Counsel is denied.

IV. **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court **adopts** the Magistrate Judge's Report and Recommendation. (ECF No. 71). Thus, Defendants' Motion for Summary Judgment (ECF No. 60) is **granted in part** and **denied in part**. Specifically, summary judgment is **granted** as to all claims against Defendants Stirling, McCall, Riley, Thompson, Jackson, and Holsinger, and as to the excessive force claim against Defendants Sgt. Wright, Lt. Flemming, Lt. Housten, Mr. Goodson, and Ms. Gibson. Further, summary judgment is **denied** as to the excessive force claim against Defendants Reese, Lt. Bell, and Officer Bouyan, and as to the

medical indifference claim against Defendants Reese, Lt. Bell, Officer Bouyan, Sgt. Wright, Lt. Flemming, Lt. Housten, Mr. Goodson, and Ms. Gibson.

Additionally, Plaintiff's Motion to Appoint Counsel (ECF No. 81) is **denied**. The Court will, however, secure the services of pro bono counsel to assist Plaintiff in selecting a jury.

The Court will try this case during the September/October term of court with jury selection on **September 5, 2019**.

A pretrial conference will be conducted at **10:00 AM on August 28, 2019** in Courtroom IV of the Matthew J. Perry, Jr. Federal Courthouse, 901 Richland Street, Columbia, South Carolina. Plaintiff and Defense Counsel shall come to the pretrial conference with a written statement of all witnesses to be called and all evidence to be introduced. The SCDC is respectfully requested to secure the attendance of Mr. Shelley at the pretrial conference.

IT IS SO ORDERED.

July 22, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge